**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

CYNTHIA TILTON,

    Plaintiff

      v.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY AND AMWINS
GROUP INC. GROUP DISABILITY
INCOME INSURANCE PLAN,

    Defendants.

Case No. 1:23-cv-11908-WGY

**ANSWER**

Defendant Hartford Life and Accident Insurance Company ("Hartford") hereby answers Plaintiff's Complaint ("Complaint") as follows:

1. In response to paragraph 1 of the Complaint, Hartford admits that Plaintiff brings this action to recover certain long-term disability ("LTD") and premium waiver insurance benefits and other relief pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*., but Hartford denies that Plaintiff is entitled to any remedy or relief in this action. Unless expressly admitted, Hartford denies the allegations of the Paragraph 1.

2. In response to paragraph 2 of the Complaint, Hartford admits that Plaintiff brings this action to recover LTD and premium waiver benefits pursuant to ERISA, but Hartford denies that Plaintiff is entitled to any remedy or relief in this action. Unless expressly admitted, Hartford denies the allegations of the paragraph 2.

3. In response to paragraph 3 of the Complaint, Hartford admits that Plaintiff alleges certain delineated "challenges," but Hartford specifically denies that any of

Plaintiff's delineated "challenges" are true. Unless expressly admitted, Hartford denies the allegations of the Paragraph 3.

4.  In response to paragraph 4 of the Complaint, Hartford admits that Plaintiff brings an action under ERISA and that this Court has jurisdiction under ERISA, but denies that Plaintiff is entitled to any remedy or relief in this action. Answering further, Hartford admits that it issued Group Policy Number GL/GLT-681656 (the "Group Policy") to fund, the employee welfare benefit plans established and maintained by Amwins Group, Inc. ("Amwins") named: Group Long Term Disability Plan, Group Basic Term Life Plan, Group Supplemental Term Life Plan, and Group Supplemental Dependent Life Plan (collectively, the "Plans"). Hartford also admits that Plaintiff, as an employee of Amwins, was at one time covered by the Group Policy. Unless expressly admitted, Hartford denies the allegations of the paragraph 4.

5.  In response to paragraph 5 of the Complaint, Hartford admits that Plaintiff brings an action under ERISA and that this Court has jurisdiction under ERISA, but denies that Plaintiff is entitled to any remedy or relief in this action. Unless expressly admitted, Hartford denies the allegations of the paragraph 5.

6.  Paragraph 6 of the Complaint contains assertions of law which require no responsive pleading. To the extent a response is required, Hartford admits only that Plaintiff took the appeal required by the Group Policy and ERISA. Unless expressly admitted, Hartford denies the allegations of paragraph 6.

7.  In response to paragraph 7 of the Complaint, Hartford denies all allegations, except it admits that it is licensed in Massachusetts. Hartford does not waive any right to seek dismissal or transfer of this suit for improper venue.

8.      In response to paragraph 8 of the Complaint, upon information and belief, Hartford admits that Plaintiff was a resident of New Hampshire during its administration of Plaintiff's claim for disability benefits. Answering further, Hartford admits that Plaintiff, as an employee of Amwins, was at one time covered by the Group Policy and a participant in the Plans.  The remaining allegations of paragraph 8 contain assertions of law which require no responsive pleading. To the extent a response is required Hartford denies the allegations. Unless expressly admitted, Hartford denies the allegations of paragraph 8.

9.      In response to paragraph 9 of the Complaint, Hartford admits that it is an insurance company licensed in Massachusetts and that it has a place of business located in Hartford, Connecticut. Hartford also admits that it is the claim administrator responsible for interpreting the terms of the Group Policy and making benefit determinations under the Group Policy. Unless expressly admitted, Hartford denies the allegations of paragraph 9.

10.      In response to paragraph 10 of the Complaint, Hartford admits that it is the claim administrator responsible for interpreting the terms of the Group Policy and making benefit determinations under the Group Policy. Hartford admits that it has fiduciary obligations solely in its role as claim administrator. Answering further, Hartford states that a copy of the Group Policy is set forth in the Administrative Record and speaks for itself. Hartford refers to the Administrative Record and denies the allegations of Paragraph 10 to the extent they are incomplete or inconsistent with the terms of the Group Policy or any part of the Administrative Record.  Unless expressly admitted, Hartford denies the allegations of paragraph 10.

11. In response to paragraph 11 of the Complaint, Hartford admits that the Plans under which Plaintiff seeks LTD and premium waiver benefits are governed by ERISA. Unless expressly admitted, Hartford denies the allegations contained in paragraph 11.

12. In response to paragraph 12 of the Complaint, Hartford admits that Plaintiff, as an employee of Amwins, was at one time covered by the Group Policy and a participant in the Plans. Unless expressly admitted, Hartford denies the allegations of paragraph 12.

13. In response to paragraph 13 of the Complaint, Hartford admits that it is the claim administrator responsible for interpreting the terms of the Group Policy and making benefit determinations under the Group Policy. Unless expressly admitted, Hartford denies the allegations of paragraph 13.

14. In response to paragraph 14 of the Complaint, Hartford admits that Plaintiff has quoted certain portions of the Group Policy relating to LTD benefits. Answering further, Hartford states that a copy of the Group Policy is set forth in the Administrative Record and speaks for itself. Hartford refers to the Administrative Record and denies the allegations of paragraph 14 to the extent they are incomplete or inconsistent with the terms of the Group Policy or any part of the Administrative Record. Unless expressly admitted, Hartford denies the allegations of paragraph 14.

15. Hartford denies the allegations contained in paragraph 15 of the Complaint.

16. Hartford denies the allegations contained in paragraph 16 of the Complaint.

4

17.     In response to paragraph 17 of the Complaint, Hartford admits that Plaintiff has quoted certain portions of the Group Policy relating to premium waiver benefits. Answering further, Hartford states that a copy of the Group Policy is set forth in the Administrative Record and speaks for itself. Hartford refers to the Administrative Record and denies the allegations of paragraph 17 to the extent they are incomplete or inconsistent with the terms of the Group Policy or any part of the Administrative Record. Unless expressly admitted, Hartford denies the allegations of paragraph 17.

18.     Hartford denies the allegations contained in paragraph 18 of the Complaint.

19.     Hartford denies the allegations contained in paragraph 19 of the Complaint.

20.     Hartford denies the allegations contained in paragraph 20 of the Complaint.

21.     Hartford denies the allegations contained in paragraph 21 of the Complaint.

22.     Hartford denies the allegations contained in paragraph 22 of the Complaint.

23.     Paragraph 23 of the Complaint contains an assertion of law which requires no responsive pleading. To the extent a response is required Hartford denies the allegation of paragraph 23.

24.     Hartford denies the allegations contained in paragraph 24 of the Complaint.

25.     Hartford denies the allegations contained in paragraph 25 of the Complaint.

26.     Paragraph 26 of the Complaint contains assertions of law which require no responsive pleading. To the extent a response is required Hartford denies the allegations of paragraph 26.

27.     Hartford denies the allegations contained in paragraph 27 of the Complaint, except that Hartford admits that at one time Plaintiff was employed by Amwins as a Rating Administrator.

28.     In response to paragraph 28 of the Complaint, Hartford admits only that Plaintiff ceased working for Amwins on or around February 11, 2021. Unless expressly admitted, Hartford denies the allegations of paragraph 28.

29.     In response to paragraph 29 of the Complaint, Hartford states that medical records and other documents concerning Plaintiff's purported symptoms, conditions, and treatment are set forth in the Administrative Record and speak for themselves.  Hartford refers to the Administrative Record and denies the allegations of paragraph 29 to the extent they are incomplete or inconsistent with the medical records or any part of the Administrative Record. Unless expressly admitted, Hartford denies the allegations contained in paragraph 29.

30.     Hartford admits the allegations contained in paragraph 30 of the Complaint.

31.     In response to paragraph 31 of the Complaint, Hartford states that it sent Plaintiff correspondence dated June 1, 2021, enclosing an application for LTD benefits for Plaintiff to complete *only if* she intended to pursue LTD benefits. Hartford admits that

this letter is included in the Administrative Record and speaks for itself. Hartford refers to the Administrative Record and denies the allegations of paragraph 31 to the extent they are incomplete or inconsistent with this letter, or any part of the Administrative Record. Unless expressly admitted, Hartford denies the allegations of paragraph 31.

32. In response to paragraph 32 of the Complaint, Hartford admits that Plaintiff submitted a claim for LTD and premium waiver benefits to Hartford and that those claims are part of the Administrative Record and speak for themselves. Hartford refers to the Administrative Record and denies the allegations of paragraph 32 to the extent they are incomplete or inconsistent with any part of the Administrative Record. Unless expressly admitted, Hartford denies the allegations of paragraph 32.

33. In response to paragraph 33 of the Complaint, Hartford admits that short-term disability ("STD") benefits under the Plan are self-funded by Amwins.

34. In response to paragraph 34 of the Complaint, Hartford admits that it issued the Group Policy to fund, in part, payable LTD benefits under the Plan. Unless expressly admitted, Hartford denies the allegations of paragraph 34.

35. In response to paragraph 35 of the Complaint, Hartford admits that following a full and fair review, it determined that Plaintiff failed to meet her burden to prove entitlement to LTD and premium waiver benefits under the Group Policy, and Hartford notified Plaintiff of its decision by letters on September 20, 2021 and September 22, 2021. Answering further, Hartford states that those letters are set forth in the Administrative Record and speak for themselves. Hartford refers to those letters, as set forth in the Administrative Record, and denies the allegations of paragraph 35 to the extent they are incomplete or inconsistent with those letters or any part of the

Administrative Record. Unless expressly admitted, Hartford denies the allegations of paragraph 35.

36.    Hartford denies the allegations contained in paragraph 36 of the Complaint.

37.    In response to paragraph 37 of the Complaint, Hartford admits that counsel for Plaintiff requested a copy of Plaintiff's claim file by letter dated January 25, 2022, which is set forth in the Administrative Record and speaks for itself. Hartford refers to that letter, as set forth in the Administrative Record, and denies the allegations of paragraph 37 to the extent they are incomplete or inconsistent with that letter or any part of the Administrative Record. Unless expressly admitted, Hartford denies the allegations of paragraph 37.

38.    In response to paragraph 38 of the Complaint, Hartford admits that Plaintiff appealed Hartford's benefit determinations dated September 20, 2021 and September 22, 2021, by letter dated January 20, 2023. The appeal letter and documents submitted in conjunction therewith are set forth in the Administrative Record and speak for themselves.  Hartford refers to that letter and those documents, as set forth in the Administrative Record, and denies the allegations contained in paragraph 38 to the extent they are incomplete or inconsistent with that letter, those documents, or any part of the Administrative Record. Unless expressly admitted, Hartford denies the allegations of paragraph 38.

39.    In response to paragraph 39 of the Complaint, Hartford admits that Plaintiff submitted documents in conjunction with her appeal and they are set forth in the Administrative Record and speak for themselves.  Hartford refers to those documents, as

set forth in the Administrative Record, and denies the allegations contained in paragraph 39 to the extent they are incomplete or inconsistent with those documents, or any part of the Administrative Record. Unless expressly admitted, Hartford denies the allegations of paragraph 39.

40.    In response to paragraph 40 of the Complaint, Hartford admits that its letter to Plaintiff's counsel dated February 16, 2023, providing copies of the independent peer reports for review and response, is set forth in the Administrative Record and speaks for itself.  Hartford refers to that letter, as set forth in the Administrative Record, and denies the allegations of paragraph 40 to the extent they are incomplete or inconsistent with that letter, or any part of the Administrative Record.  Unless expressly admitted, Hartford denies the allegations contained in paragraph 40 of the Complaint.

41.    In response to paragraph 41 of the Complaint, Hartford states that Plaintiff's counsel's letter dated March 22, 2023, is set forth in the Administrative Record and speaks for itself.  Hartford refers to that letter, as set forth in the Administrative Record, and denies the allegations of paragraph 41 to the extent they are incomplete or inconsistent with that letter, or any part of the Administrative Record.  Unless expressly admitted, Hartford denies the allegations contained in paragraph 41 of the Complaint. Hartford specifically denies that the independent peer reviews conducted as part of the administration of Plaintiff's claims contained errors.

42.    In response to paragraph 42 of the Complaint, Hartford admits that following a full and fair review, it upheld its determination that Plaintiff failed to meet her burden to prove entitlement to LTD and premium waiver benefits under the Group Policy, and Hartford notified her of its uphold decision by letter on April 6, 2023.

Answering further, Hartford states that this letter is forth in the Administrative Record and speaks for itself. Hartford refers to that letter, as set forth in the Administrative Record, and denies the allegations of paragraph 42 to the extent they are incomplete or inconsistent with that letter or any part of the Administrative Record. Unless expressly admitted, Hartford denies the allegations of paragraph 42.

43.     In response to paragraph 43 of the Complaint, Hartford admits that it conducted a full and fair review of Plaintiff's LTD and premium waiver claims upon initial review and appeal. Unless expressly admitted, Hartford denies the allegations of paragraph 43. Hartford specifically denies that there were errors in its administration of Plaintiff's claims.

44.     Paragraph 44 of the Complaint contains assertions of law which require no responsive pleading.

45.     Hartford denies the allegations contained in paragraph 45 of Plaintiff's Complaint.

46.     In response to paragraph 46 of the Complaint, Hartford admits that it did not have Plaintiff physically examined because such physical examination was unnecessary in this case and not required by the Group Policy or ERISA.   Unless expressly admitted, Hartford denies the allegations of paragraph 46.

47.     In response to paragraph 47 of the Complaint, Hartford admits that following a full and fair review, it upheld its determination that Plaintiff failed to meet her burden to prove entitlement to LTD and premium waiver benefits under the Group Policy, and Hartford notified her of its uphold decision by letter on April 6, 2023. Answering further, Hartford states that this letter is forth in the Administrative Record

and speaks for itself. Hartford refers to that letter, as set forth in the Administrative Record, and denies the allegations of paragraph 47 to the extent they are incomplete or inconsistent with that letter or any part of the Administrative Record. Unless expressly admitted, Hartford denies the allegations of paragraph 47.

48.    In response to paragraph 48 of the Complaint, Hartford admits only that Plaintiff took the number of administrative appeals required by ERISA and the Plans. Unless expressly admitted, Hartford denies the allegations of paragraph 48.

49.    Hartford denies the allegations contained in paragraph 49 of the Complaint.

50.    Hartford denies the allegations contained in paragraph 50 of the Complaint.

51.    Hartford denies the allegations contained in paragraph 51 of the Complaint.

52.    Hartford denies the allegations contained in paragraph 52 of the Complaint.

53.    Hartford denies the allegations contained in paragraph 53 of the Complaint.

54.    Hartford denies the allegations contained in paragraph 54 of the Complaint.

55.    Hartford denies the allegations contained in paragraph 55 of the Complaint.

56.    Hartford denies the allegations contained in paragraph 56 of the Complaint.

57.     Hartford denies the allegations contained in paragraph 57 of the Complaint.

58.     Hartford denies the allegations contained in paragraph 58 of the Complaint.

59.     Hartford denies the allegations contained in paragraph 59 of the Complaint.

60.     Hartford denies the allegations contained in paragraph 60 of the Complaint.

61.     Hartford denies the allegations contained in paragraph 61 of the Complaint.

62.     Hartford denies the allegations contained in paragraph 62 of the Complaint.

63.     Hartford denies the allegations contained in paragraph 63 of the Complaint.

64.     Hartford denies the allegations contained in paragraph 64 of the Complaint.

65.     Hartford denies the allegations contained in paragraph 65 of the Complaint.

66.     Hartford denies the allegations contained in paragraph 66 of the Complaint.

67.     Hartford denies the allegations contained in paragraph 67 of the Complaint.

68.     Hartford denies the allegations contained in paragraph 68 of the Complaint.

69.     Paragraph 69 of the Complaint contains assertions of law which require no responsive pleading. To the extent a response is required, Hartford denies the allegations of paragraph 69 because it has produced to Plaintiff all "relevant" documents as defined by the Department of Labor ("DOL") regulations, and because the DOL regulations do not require insurers to find and produce all "internal guidance" available to claims representatives.

70.     Hartford denies the allegations contained in paragraph 70 of the Complaint.

71.     Hartford denies the allegations contained in paragraph 71 of the Complaint.

72.     Hartford denies the allegations contained in paragraph 72 of the Complaint.

73.     Hartford denies the allegations contained in paragraph 73 of the Complaint.

74.     Hartford denies the allegations contained in paragraph 74 of the Complaint.

75.     In response to paragraph 75 of the Complaint, Hartford repeats and re-alleges the responses set forth above to all of the preceding paragraphs of the Complaint.

76.     In response to paragraph 76, Hartford admits that the Group Policy constitutes a contract between Hartford and Amwins.   Unless expressly admitted, Hartford denies the allegations contained in paragraph 76.

77.    Hartford denies the allegations contained in paragraph 77 of the Complaint.

78.    Paragraph 78 of the Complaint contains a statement of law, which requires no response, and purports to recite a portion of the ERISA statute, which speaks for itself. Hartford refers to the complete text of the statute and denies the allegations of paragraph 78 to the extent they are incomplete or inconsistent with the actual text of the statute.

79.    Hartford denies the allegations contained in paragraph 79 of the Complaint.

80.    Hartford denies the allegations contained in paragraph 80 of the Complaint.

81.    Hartford denies the allegations contained in paragraph 81 of the Complaint.

82.    Hartford denies the allegations contained in paragraph 82 of the Complaint.

83.    Hartford denies the allegations contained in paragraph 83 of the Complaint.

84.    In response to paragraph 84 of the Complaint, Hartford repeats and re-alleges the responses set forth above to all of the preceding paragraphs of the Complaint.

85.    Hartford denies the allegations contained in paragraph 85 of the Complaint.

86.    In response to paragraph 86 of the Complaint, Hartford admits that it has the ability to satisfy an award of fees, but Hartford denies that Plaintiff is entitled to any

such award or any other remedy or relief in this action. Unless expressly admitted, Hartford denies the allegations of paragraph 86.

87.    Hartford denies the allegations contained in paragraph 87 of the Complaint.

88.    Hartford denies the allegations contained in paragraph 88 of the Complaint.

89.    Hartford denies the allegations contained in paragraph 89 of the Complaint.

90.    Hartford denies the allegations contained in paragraph 90 of the Complaint.

91.    Hartford denies the allegations contained in paragraph 91 of the Complaint.

92.    Hartford denies the allegations contained in paragraph 92 of the Complaint.

## FIRST DEFENSE

The Complaint and each and every purported claim for relief therein fails to state a claim for which relief can be granted.

## SECOND DEFENSE

Plaintiff's claims against Hartford, if any, arise under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq.  To the extent the Complaint makes claims and seeks remedies not provided for under ERISA, those claims and those remedies are pre-empted by ERISA.  *Pilot Life v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987).

## THIRD DEFENSE

Plaintiff's recovery herein, if any, is limited by the terms, conditions, limitations, exclusions and other provisions of the Group Policy.

## FOURTH DEFENSE

Hartford has complied with and performed all of its promises, obligations and duties to Plaintiff and the handling of Plaintiff's claim for benefits complied fully with the terms and conditions of ERISA.

## FIFTH DEFENSE

Hartford's actions were taken in good faith in accordance with the provisions of the Group Policy.

## SIXTH DEFENSE

Plaintiff's claims are barred by Plaintiff's failure to submit sufficient proof pursuant to the terms of the Group Policy.

## SEVENTH DEFENSE

Plaintiff's demand for attorney's fees should not be granted under ERISA because Hartford's handling of Plaintiff's claim was reasonable and all actions in the handling of said claim were taken in good faith.

## EIGHTH DEFENSE

Each and every act or statement done or made by Hartford and its officers, employees and agents with reference to Plaintiff was a good faith assertion of Hartford's rights and, therefore, was privileged and/or justified.

## NINTH DEFENSE

Hartford's decisions were neither arbitrary nor capricious nor incorrect.

## TENTH DEFENSE

Hartford has reasonably and substantially complied with all applicable regulations.

## ELEVENTH DEFENSE

The Group Policy, in whole or in part, contains monthly benefits reductions, including but not limited to reductions for retirement benefits, other income and Social Security benefits.  Even if Plaintiff is eligible for benefits, which Hartford denies, Hartford is entitled to offset payment of benefits by other income.

## TWELFTH DEFENSE

Even if Plaintiff is currently disabled and eligible for benefits, which Hartford denies, such determinations do not mean that Plaintiff is entitled to unlimited future benefits given, inter alia, the possibility of recovery, as well as the effect of different requirements, exclusions and/or limitations under the Group Policy.

## THIRTEENTH DEFENSE

Plaintiff's request for jury trial, if any, must be stricken as no right to a jury trial is available under ERISA.

## FOURTEENTH DEFENSE

Plaintiff is limited to the evidence and arguments presented during the administrative process.

## FIFTEENTH DEFENSE

There is no vesting of benefits under the Group Policy, and thus Plaintiff may not recover the benefits for any future period of disability, but rather must provide periodic proof of any alleged continuing disability.

## SIXTEENTH DEFENSE

Plaintiff's Complaint should be dismissed, or, alternatively, transferred to the United States District Court for the District of New Hampshire, due to improper venue.

## REQUESTED RELIEF

Hartford respectfully requests that the Court:  (i) dismiss Plaintiff's claims against Hartford with prejudice and enter judgment in Hartford's favor on such claims; (ii) award Hartford  its costs of suit, including reasonable attorneys' fees; and (iii) grant such other relief as is appropriate under the circumstances of this case.

DATED:  November 3, 2023

/s/ Byrne J. Decker
Byrne J. Decker, BBO#680598
Ogletree, Deakins, Nash, Smoak &
 Stewart, P.C.
Two Monument Square, Suite 703
Portland, ME  04101
207-387-2963
byrne.decker@ogletree.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Byrne J. Decker, Esq., counsel for Defendant hereby certify that I made service of the attached Defendant's Answer to be served on counsel of record by electronically filing said document with the Court's ECF system, which will effect service on all registered participants:

Mala M. Rafik
Socorra A. DeCelle
ROSENFELD & RAFIK
184 High Street, Suite 503
Boston, MA  02110

Dated:  November 3, 2023

/s/ Byrne J. Decker
Byrne J. Decker